UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| LEGAL EAGLE, LLC, *et al.*, <br> ~~1050 Connecticut Avenue, NW~~ <br> ~~Suite 5038~~ <br> ~~Washington, DC  20036,~~ <br> <br> ~~and~~ <br> <br> ~~NATIONAL SECURITY COUNSELORS,~~ <br> ~~INC.~~ <br> ~~1451 Rockville Pike~~ <br> ~~Suite 250~~ <br> ~~Rockville, MD  20852~~ <br> ~~Montgomery County~~ <br> <br> Plaintiffs, <br> <br> v. <br> <br> NATIONAL ARCHIVES AND <br> RECORDS ADMINISTRATION, <br> ~~8601 Adelphi Road~~ <br> ~~College Park, MD  20740,~~ <br> <br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * ~~Civil Action No. 8:26-cv-00371~~ <br> * <br> * <br> * <br> * <br> * <br> * <br> * Civil Action No. 8:26-cv-00371 (TDC) <br> * <br> * <br> * <br> * <br> * <br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**FIRST AMENDED COMPLAINT**

Plaintiffs Legal Eagle, LLC and National Security Counselors, Inc. bring this action against Defendant National Archives and Records Administration pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

**JURISDICTION**

1.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

**VENUE**

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

**PARTIES**

3. Plaintiff Legal Eagle, LLC ("Legal Eagle") is a business headquartered in the District of Columbia. Legal Eagle runs the LegalEagle YouTube channel (https://www.youtube.com/legaleagle), which is the most popular long form YouTube channel focused on legal issues—as well as one of the fastest growing educational channels in the world—with more than three million subscribers, fifteen million monthly views, and nearly one billion total video views. Legal Eagle is accordingly a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4. Plaintiff National Security Counselors, Inc. ("NSC") is a non-profit public interest law firm incorporated in 2010 in the Commonwealth of Virginia as a tax-exempt charitable organization, which is currently headquartered in the state of Maryland. NSC uses research, litigation, and communications to inform the public about legal issues involving the federal Government and has the ability to disseminate information on a wide scale. As part of its research, NSC uses government records made available to it under FOIA as well as Government records that agencies have made available to the general public.

5. Defendant National Archives and Records Administration ("NARA") is an agency within the meaning of 5 U.S.C. § 552(f) and is in possession and/or control of the records requested by Plaintiffs which are the subject of this action.

6. The Donald J. Trump Presidential Library ("Trump Library") is a NARA component.

[Margin comment: **Formatted:** Indent: Left:  0", Allow hanging punctuation, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Font Alignment: Auto]

## BACKGROUND

### *PART I: TRUMP I PRESIDENTIAL RECORDS AND FOIA*

7. According to the Presidential Records Act, 44 U.S.C. § 2204, all Presidential records—with limited exceptions—become subject to FOIA five years after the end of the President's last consecutive term.

8. President Donald Trump's first term ended on 20 January 2021.

9. Accordingly, all Presidential records from President Trump's first term became subject to FOIA on 20 January 2026.

10. FOIA requests for Presidential records are submitted to the appropriate Presidential Library.

11. FOIA requests for Presidential records from President Trump's first term are submitted to the Donald J. Trump Presidential Library and may be submitted by online form, email, or United States Postal Service.

### *PART II: PREPUBLICATION REVIEW IN GENERAL*

12. Any person who possesses a security clearance to access classified national security information must sign a Non-Disclosure Agreement ("NDA") agreeing, *inter alia*, to submit any documents related to his/her national security employment for prepublication review before disclosing them to any third party not authorized by the United States Government to access them.

13. The two most common NDAs for classified information are the SF-312 (governing all classified information) and Form 4414 (governing a subset known as Sensitive Compartmented Information).

3

14. An author generally submits a document to the prepublication review office of the agency which sponsors (or sponsored) his/her security clearance.

15. During President Trump's first term, the Records Access and Information Security Management Directorate ("RAISMD") of the National Security Council was responsible for conducting prepublication review for National Security Council personnel. 1st Am. Compl., Dkt. #18, ¶ 25 (filed June 19, 2020), *United States v. Bolton*, No. 20-cv-1580 (D.D.C.).

Formatted: No underline

### PART III: THE MATTER OF JOHN BOLTON

16. Former National Security Advisor John Bolton ("Bolton") signed both an SF-312 and a Form 4414 as a condition of his employment with the White House.

17. On 30 December 2019, Bolton submitted a copy of the manuscript for his book *The Room Where It Happened* to RAISMD for prepublication review. *Id.* ¶ 31.

18. On 23 January 2020, RAISMD informed Bolton that "the manuscript appears to contain significant amounts of classified information." *Id.* ¶ 33.

19. The Government believes that all or part of Bolton's original manuscript was distributed to multiple individuals as early as 26 January 2020. *Id.* ¶ 35.

20. On 7 February 2020, RAISMD informed Bolton that the manuscript contained "numerous instances" of classified information. *Id.* ¶ 40.

21. Between 7 February and 27 April 2020, Bolton and RAISMD engaged in an iterative process of review, editing, and resubmission. *Id.* ¶¶ 41-45.

22. On 27 April 2020, RAISMD Senior Director Ellen Knight ("Knight") completed her prepublication review of Bolton's manuscript and informed the National Security Council Office of the Legal Advisor—with which she had corresponded "at various points throughout the prepublication process," *id.* ¶ 31—that she "was of the judgment that the manuscript draft did not contain classified information." *Id.* ¶ 46.

23. On 2 May 2020, National Security Council Senior Director for Intelligence Michael Ellis ("Ellis") "commenced an additional review of the manuscript." *Id.* ¶ 51.

24. On 9 June 2020, Ellis completed his additional review and concluded that Bolton's manuscript "still contains classified information." *Id.* ¶ 56.

25. On 10 June 2020, Bolton informed the National Security Council Legal Advisor that "[t]he book has now been printed, bound, and shipped to distributors across the country." *Id.* ¶ 55.

26. On 16 June 2020, DOJ filed the lawsuit *United States v. Bolton*, No. 20-cv-1580 (D.D.C.) ("*Bolton I*"), against Bolton alleging that he breached his Non-Disclosure Agreements by allegedly publishing the book before the prepublication review process was complete.

27. The parties litigated this case over the course of the following year, resulting in three judicial opinions. During the case, DOJ frequently alleged that Bolton had caused significant public harm by publishing the book and that it was of paramount importance to the public interest that he be held liable.

28. On the anniversary of the filing of the original complaint, the parties stipulated to the dismissal of the case on 16 June 2021 with no finding of liability and no monetary loss for Bolton.

29. On 22 August 2025, the Federal Bureau of Investigation conducted a search of Bolton's home as part of an investigation related to the mishandling of classified information.

30. On 16 October 2025, a federal grand jury returned an indictment against Bolton alleging that he had violated the Espionage Act in connection with this manuscript. This criminal case is now pending as *United States v. Bolton*, No. 25-cr-314 (D. Md.).

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**(~~CONSTRUCTIVE~~ EXPEDITED PROCESSING DENIAL – 26-19372-F~~UNKNOWN NO. 1~~)**

31. Plaintiffs repeat and reallege the allegations contained in ~~all~~ paragraphs <ins>1-30</ins> set forth above.

32. On 20 January 2026, NSC submitted to the Trump Library via email ~~(including a request for a read receipt)~~ a FOIA request for various types of records related to the prepublication review process conducted on Bolton's manuscript, including: records discussing prepublication review of any manuscript written by Bolton; records including Bolton's name, his lawyer's name, or the title of his book; and correspondence exchanged with Bolton, his agents, or his publisher.

33. NSC further stated that the request "should be limited to those records which were located in the Records Access and Information Security Management Directorate of the National Security Council."

34. NSC added, "Please process the responsive records but do not send us copies. Once you have completed your processing, please notify me so that we can make arrangements for someone to review them at an appropriate National Archives facility."

35. NSC requested expedited processing of this request, citing "the issues surrounding this manuscript and the Government's efforts to prohibit Bolton from providing the requested information—either in his book or in Congressional testimony—and prosecute him for violating the Espionage Act."

36. NSC demonstrated that there was an urgent need of a requester primarily engaged in disseminating information to inform the public about an actual or alleged Federal Government activity and that the subject of the request is of widespread and exceptional media interest.

37. On 28 January 2026, Legal Eagle, through undersigned counsel, instructed the Trump Library by email ~~(including a request for a read receipt)~~ to add it as a co-requester to

7

NSC's request, stating, "Legal Eagle will also use its information dissemination resources to broadly report on all released information, further justifying the grant of . . . expedited processing."

38. On 30 January 2026, the Trump Library acknowledged receipt of this request and assigned it Request No. 26-19372-F.

39. The Trump Library stated that it had denied Plaintiffs' request for expedited processing~~As of this writing, the Trump Library has neither acknowledged this request nor made a determination within ten days regarding Plaintiffs' request for expedited processing, and Plaintiffs have not received a read receipt to indicate that the Trump Library has even opened their emails~~.

~~38.~~

40. Plaintiffs have a legal right under FOIA to have their request processed as soon as practicable, and there is no legal basis for the denial by the Trump Library of said right.

**SECOND CAUSE OF ACTION**

**(RECORDS DENIAL – 26-19372-F)**

41. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-30 set forth above.

42. On 18 February 2026, the Trump Library advised Plaintiffs that it had limited Request No. 26-19372-F to unclassified records.

43. As of this writing, the Trump Library has not issued a final response to Plaintiffs' request.

44. Plaintiffs have a legal right under FOIA to obtain the records they seek, and there is no legal basis for the denial by the Trump Library of said right.

8

### THIRD CAUSE OF ACTION

### (EXPEDITED PROCESSING DENIAL – NW 90813)

45. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-30 set forth above.

46. On 18 February 2026, the Trump Library advised Plaintiffs that it had assigned Request No. NW 90813 to the request for classified records responsive to Request No. 26-19372-F.

47. Upon information and belief, the Trump Library's denial of expedited processing also applies to this request.

48. Plaintiffs have a legal right under FOIA to have their request processed as soon as practicable, and there is no legal basis for the denial by the Trump Library of said right.

### FOURTH CAUSE OF ACTION

### (RECORDS DENIAL – NW 90813)

49. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-30 set forth above.

50. As of this writing, the Trump Library has not issued a final response to Plaintiffs' request.

~~39~~ 51. Plaintiffs have a legal right under FOIA to obtain the records they seek, and there is no legal basis for the denial by the Trump Library of said right.

### ~~SECOND~~ FIFTH CAUSE OF ACTION

### (~~CONSTRUCTIVE~~ EXPEDITED PROCESSING DENIAL – ~~UNKNOWN NO.~~ 226-19392-F)

9

40.52.  Plaintiffs repeat and reallege the allegations contained in paragraphs 1-30 all paragraphs set forth above.

41.53.  On 20 January 2026, NSC submitted to the Trump Library via email (including a request for a read receipt) a FOIA request for "all regulations, policy statements, guidelines, memoranda, training materials, handbooks, manuals, checklists, worksheets, instructions, and similar documents which provided direction for officials who performed prepublication review of documents submitted to the National Security Council."

42.54.  NSC further stated that responsive records "would have been located in the Records Access and Information Security Management Directorate of the [National Security Council]."

43.55.  NSC added, "Please process the responsive records but do not send us copies. Once you have completed your processing, please notify me so that we can make arrangements for someone to review them at an appropriate National Archives facility."

44.56.  NSC requested expedited processing of this request, citing "the issues surrounding this manuscript and the Government's efforts at the time to censor all or part of former National Security Advisor John Bolton's book *The Room Where It Happened* and the current effort to prosecute Bolton under the Espionage Act."

45.57.  NSC elaborated, "While these guidance documents will obviously not be about this book—and may not even be current—they are still directly related to the topic of widespread media interest, since very little is known about the prepublication review process used by the [National Security Council], and the rules used by the previous Trump administration are the most recent such documents readily accessible by the public."

10

46.58. NSC demonstrated that there was an urgent need of a requester primarily engaged in disseminating information to inform the public about an actual or alleged Federal Government activity and that the subject of the request is of widespread and exceptional media interest.

47.59. On 28 January 2026, Legal Eagle, through undersigned counsel, instructed the Trump Library by email (including a request for a read receipt) to add it as a co-requester to NSC's request, stating, "Legal Eagle will also use its information dissemination resources to broadly report on all released information, further justifying the grant of . . . expedited processing."

60. On 30 January 2026, the Trump Library acknowledged receipt of this request and assigned it Request No. 26-19392-F.

48.61. The Trump Library stated that it had denied Plaintiffs' request for expedited processing.As of this writing, the Trump Library has neither acknowledged this request nor made a determination within ten days regarding Plaintiffs' request for expedited processing, and Plaintiffs have not received a read receipt to indicate that the Trump Library has even opened their emails.

62. Plaintiffs have a legal right under FOIA to have their request processed as soon as practicable, and there is no legal basis for the denial by the Trump Library of said right.

**SIXTH CAUSE OF ACTION**

**(RECORDS DENIAL – 26-19392-F)**

63. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-30 set forth above.

64. On 18 February 2026, the Trump Library advised Plaintiffs that it had limited Request No. 26-19392-F to unclassified records.

11

65. As of this writing, the Trump Library has not issued a final response to Plaintiffs' request.

66. Plaintiffs have a legal right under FOIA to obtain the records they seek, and there is no legal basis for the denial by the Trump Library of said right.

**SEVENTH CAUSE OF ACTION**

**(EXPEDITED PROCESSING DENIAL – NW 90854)**

67. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-30 set forth above.

68. On 18 February 2026, the Trump Library advised Plaintiffs that it had assigned Request No. NW 90854 to the request for classified records responsive to Request No. 26-19392-F.

69. Upon information and belief, the Trump Library's denial of expedited processing also applies to this request.

70. Plaintiffs have a legal right under FOIA to have their request processed as soon as practicable, and there is no legal basis for the denial by the Trump Library of said right.

**EIGHTH CAUSE OF ACTION**

**(RECORDS DENIAL – NW 90854)**

71. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-30 set forth above.

72. As of this writing, the Trump Library has not issued a final response to Plaintiffs' request.

73. Plaintiffs have a legal right under FOIA to obtain the records they seek, and there is no legal basis for the denial by the Trump Library of said right.

**NINTH CAUSE OF ACTION**

**(RECORDS DENIAL – NW 90641)**

74. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-30 set forth above.

75. On 20 January 2026, NSC submitted to the Trump Library via email a FOIA request for a document called "NSC Access Procedures: Prepublication Review" referenced in a letter Knight wrote to the court in *Bolton I*.

76. NSC further stated that responsive records "should have been located in the Records Access and Information Security Management Directorate of the National Security Council."

77. NSC added, "Please process the responsive records but do not send us copies. Once you have completed your processing, please notify me so that we can make arrangements for someone to review them at an appropriate National Archives facility."

78. On 28 January 2026, Legal Eagle, through undersigned counsel, instructed the Trump Library by email to add it as a co-requester to NSC's request.

79. On 18 February 2026, the Trump Library acknowledged receipt of this request and assigned it Request No. NW 90641.

80. On 18 February 2026, the Trump Library advised Plaintiffs that it had limited Request No. NW 90641 to classified records.

81. As of this writing, the Trump Library has not issued a final response to Plaintiffs' request.

82. Plaintiffs have a legal right under FOIA to obtain the records they seek, and there is no legal basis for the denial by the Trump Library of said right.

13

**TENTH CAUSE OF ACTION**

**(RECORDS DENIAL – 26-19538-F)**

83. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-30 set forth above.

84. On 23 February 2026, the Trump Library advised Plaintiffs that it had assigned Request No. 26-19538-F to the request for unclassified records responsive to Request No. NW 90641.

85. As of this writing, the Trump Library has not issued a final response to Plaintiffs' request.

86. Plaintiffs have a legal right under FOIA to obtain the records they seek, and there is no legal basis for the denial by the Trump Library of said right.

**ELEVENTH CAUSE OF ACTION**

**(RECORDS DENIAL – NW 90640)**

87. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-30 set forth above.

88. On 20 January 2026, NSC submitted to the Trump Library via email a FOIA request for "all emails sent or received by Ellen Knight, former Director of the National Security Council Records Access and Information Security Management Directorate, pertaining to specific prepublication review matters."

89. NSC further stated that the Trump Library "may limit [its] search to Ms. Knight's email account and do[es] not need to search other locations."

90. NSC added, "Please process the responsive records but do not send us copies. Once you have completed your processing, please notify me so that we can make arrangements for someone to review them at an appropriate National Archives facility."

91. On 28 January 2026, Legal Eagle, through undersigned counsel, instructed the Trump Library by email to add it as a co-requester to NSC's request.

92. On 18 February 2026, the Trump Library acknowledged receipt of this request and assigned it Request No. NW 90640.

93. On 18 February 2026, the Trump Library advised Plaintiffs that it had limited Request No. NW 90640 to classified records.

94. As of this writing, the Trump Library has not issued a final response to Plaintiffs' request.

95. Plaintiffs have a legal right under FOIA to obtain the records they seek, and there is no legal basis for the denial by the Trump Library of said right.

**TWELFTH CAUSE OF ACTION**

**(RECORDS DENIAL – 26-19515-F)**

96. Plaintiffs repeat and reallege the allegations contained in paragraphs 1-30 set forth above.

97. On 23 February 2026, the Trump Library advised Plaintiffs that it had assigned Request No. 26-19515-F to the request for unclassified records responsive to Request No. NW 90640.

98. As of this writing, the Trump Library has not issued a final response to Plaintiffs' request.

15

49.99.  Plaintiffs have a legal right under FOIA to obtain the records they seek, and there is no legal basis for the denial by the Trump Library of said right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Legal Eagle, LLC and National Security Counselors, Inc. pray that this Court:

(1)     Order the Donald J. Trump Presidential Library to expeditiously process their requests;

(2)     Order the Trump Library to make all responsive records available to Plaintiffs;

(2)(3)   Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(3)(4)   Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(4)(5)   Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5)     Grant such other relief as the Court may deem just and proper.

(6)     _____

Date:   ~~January~~ March 1~~30~~, 2026

                                                Respectfully submitted,

                                                /s/ Kelly B. McClanahan
                                                Kelly B. McClanahan, Esq.
                                                MD Bar #31832
                                                National Security Counselors
                                                1451 Rockville Pike
                                                Suite 250
                                                Rockville, MD  20852
                                                501-301-4672
                                                240-681-2189 fax
                                                Kel@NationalSecurityLaw.org

                                                *Counsel for Plaintiffs*