**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

|  |  |
|---|---|
| LEGAL EAGLE, LLC, *et al.*, | |
| Plaintiffs, | No. 8:26-cv-371-TDC<br>No. 8:26-cv-847-TDC |
| v. | No. 8:26-cv-920-TDC<br>No. 8:26-cv-1214-TDC |
| NATIONAL ARCHIVES AND<br>RECORDS ADMINISTRATION, | |
| Defendant. | |

**JOINT STATUS REPORT REGARDING NEXT STEPS IN LITIGATION**

In Case No. 26-920, the Court ordered the parties to meet and confer regarding how the four *Legal Eagle v. NARA* cases should move forward, and to file a joint status report "proposing the next steps in this case." ECF 19 ¶ 3. In response, the parties respectfully submit the following joint status report.

**I.      Amended Complaint**

Plaintiffs plan to file an amended complaint in Case No. 26-920. Plaintiffs currently do not plan to amend the complaints in the other three cases.

With respect to a briefing schedule, the parties have met and conferred about Defendant's planned Rule 12 challenge to all four cases. Plaintiffs believe their amended complaint in Case No. 26-920 will not be affected by Defendant's planned arguments. Defendant will respond to the amended complaint in the ordinary course.

**II.     Dispositive Motions**

**A.      Defendant's Rule 12 Motion**

Defendant will file a notice of intent to file a Rule 12 motion covering all four cases. The parties agree that the cases should be consolidated for purposes of the Rule 12 motion. Defendant will file a consent motion to that effect.

1

Because Plaintiffs believe their proposed amended complaint in Case No. 26-920 will not be affected by Defendant's planned arguments in its upcoming Rule 12 motion, they also do not believe their amended complaint should affect the briefing schedule for that Rule 12 motion.

Defendant believes it would be premature to take a position on a particular briefing schedule until Defendant has a chance to review the proposed amended complaint.

### B.   Plaintiffs' Rule 56 Motion

Plaintiffs plan to file a motion for partial summary judgment in Case No. 26-371 on their claims seeking expedited processing of certain requests related to John Bolton's 2020 book. Defendant plans to oppose that motion and to cross-move for summary judgment.

### III.   Preservation Order

The parties note that Plaintiffs have filed a proposed preservation order in Case No. 26-920, to which both parties have already consented. *See* ECF 23 (motion), 24-1 (order).

Beyond that, Plaintiffs contend that a preservation order should be filed in all four cases. Plaintiffs believe the proposed order in Case No. 26-920 is currently broad enough to cover all four cases, as it directs the preservation of "all records of President Trump's first administration in Defendant's custody." However, the as-filed order will expire when Case No. 26-920 ends. Plaintiffs request that the Court enter a similar order in all four cases that will expire when all four cases are resolved, and attach a proposed order to that effect. Defendant does not oppose this request.

### IV.   Discovery Stay in Three Cases

The parties agree to stay discovery in Case Nos. 26-371, 26-847, and 26-1214. Plaintiffs reserve the right to ask the Court for discovery at an appropriate time.

### V.   Discovery in Case No. 26-920

The parties disagree on whether discovery is appropriate in Case No. 26-920 (Mar-a-Lago). Plaintiffs propose that the parties brief the matter at the point at which they propound discovery against Defendant. Defendant proposes that it is premature to address discovery at this stage. The filing of an amended complaint (with potentially new defendants and claims) will re-start the

clock for the Government to respond. Because the Government plans to file a Rule 12 motion, and may move to dismiss on additional grounds after reviewing Plaintiffs' amended complaint, discovery is premature until after that motion or motions are decided.

Plaintiffs previously set forth a portion of their position in their Pre-Motion Statement for a Protective Order, ECF 11 (filed Apr. 13, 2026). However, as stated above, both parties agree that it is premature to address discovery against Defendant at this stage, and the only difference is what they ask the Court to do with that information. Plaintiffs maintain that a Joint Status Report is not the appropriate vehicle for a substantive dispute over discovery and propose having that argument later when it becomes necessary. Defendant, despite stating its belief that addressing discovery is premature, then asks the Court to address discovery and prohibit it, and makes legal arguments in favor of that position. Because this is a Joint Status Report and not a legal brief, Plaintiffs will not burden the Court with contrary legal analysis on a point that Defendant states it would be premature to address at this stage.[1]

Defendant opposes discovery across the board. "It is well-established that discovery may be greatly restricted in FOIA cases. When the courts have permitted discovery in FOIA cases, it generally is limited to the scope of the agency's search and its indexing and classification procedures." *Heily v. U.S. Dep't of Commerce*, 69 F. App'x 171, 174 (4th Cir. 2003) (citations omitted). Plaintiffs have not shown any reason why this case is different. A FOIA request covers only records within the agency's physical possession at the time of the request. FOIA does not create a private right of action to sue on NARA's behalf to retrieve additional records held by a third party, even if these records would have been responsive had NARA possessed them at the time of the request. *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150-52 (1980). Mandamus relief is also unavailable. *Judicial Watch v. NARA*, 845 F. Supp. 2d 288, 298-302 (D.D.C. 2012).

---

[1] Plaintiffs will clarify that, while they currently maintain that discovery *against Defendant* is not an active issue in controversy, that position does not extend to discovery against President Trump and the Department of Justice, and they intend to prosecute the subpoenas they issued to both parties—as well as the Federal Bureau of Investigation—as soon as it becomes necessary.

Dated: April 29, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Winston Shi*
JOHN BAILEY (OH Bar No. 104260)
Counsel to the Assistant Attorney General
WINSTON SHI (NY Bar No. 5747068)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 880-0387
Email: winston.g.shi@usdoj.gov

*Counsel for Defendant*

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq., MD Bar #31832
National Security Counselors
1451 Rockville Pike, Suite 250
Rockville, MD  20852
501-301-4672, 240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*

4