

**U.S. Department of Justice**
Civil Division, Federal Programs Branch

April 29, 2026

<u>**VIA CM/ECF**</u>
The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, Maryland 20770

RE: Notice of Intent to File Partial Motion to Dismiss / Motion for Judgment on the Pleadings in
     *Legal Eagle, LLC, et al., v. National Archives & Records Admin.*, Nos. 8:26-cv-371-TDC;
     8:26-cv-847-TDC; 8:26-cv-920-TDC; 8:26-cv-1214-TDC

Dear Judge Chuang:

Defendant National Archives and Records Administration (NARA) submits this notice of intent to file Rule 12(b) and 12(c) motions in Case Nos. 8:26-cv-371-TDC; 8:26-cv-847-TDC; 8:26-cv-920-TDC; and 8:26-cv-1214-TDC. NARA plans to challenge all complaints and all counts except Count 2 in Case No. 26-1214 (relating to an administrative appeal) and Counts 1, 3, 5, and 7 in Case No. 26-371 (relating to requests for expedited processing). Plaintiffs oppose the motion.

**I.    <u>Background</u>**

Plaintiffs frequently file Freedom of Information Act (FOIA) requests. Under the Presidential Records Act (PRA)—which uses FOIA as a procedural vehicle—Plaintiffs filed 22 requests for records from President Trump's first administration. 36 C.F.R. § 1270.38 (citations omitted). In FOIA litigation, as with most areas of administrative law, "a requester may generally seek judicial review of his FOIA request only after he has exhausted all administrative remedies," such as an agency appeal. *Pollack v. DOJ*, 49 F.3d 115, 118 (4th Cir. 1995); 36 C.F.R. § 1250.74(b). Here, NARA has not yet provided a full response to 21 requests. Thus, it has neither received nor processed any administrative appeals.

Unless a statutory exhaustion rule applies, a FOIA requester may not sue in district court until they have completed the administrative appeal process. *See id.* Plaintiffs say that if this were a traditional FOIA suit, FOIA would require NARA to respond in 20 working days, and would penalize NARA's delay by constructively exhausting Plaintiffs' administrative remedies. But this is not a traditional FOIA suit. It is a PRA suit, and PRA cases are governed by different principles, including the constitutionally-grounded doctrine of executive privilege. Plaintiffs' theory clashes with the text, structure, and history of the PRA and FOIA.

**II.    <u>FOIA Does Not Constructively Exhaust Plaintiffs' Administrative Remedies</u>**

**A.    The Text**

Plaintiffs' claims mainly rely on FOIA's constructive-exhaustion rule, under which plaintiffs "shall be deemed to have exhausted [their] administrative remedies … if the agency fails to comply with the applicable time limits provisions *of this paragraph*." 5 U.S.C. § 552(a)(6)(C)(i). By its own terms, the FOIA rule applies only when there *are* statutory time limits to apply. In a

regular FOIA suit, NARA would have 20 (extendable to 30) working days to notify the requester "whether [it will] comply with [the FOIA] request." *Id.* §§ 552(a)(6)(A)(i), (B)(i).

Plaintiffs assume that because the PRA uses FOIA as a procedural vehicle, all FOIA deadlines automatically apply. But the PRA imposes no fixed deadline to respond. It directs NARA to "make [presidential] records available to the public as rapidly and completely as possible consistent with the provisions of this chapter." 44 U.S.C. § 2203(g)(1).

More importantly, applied to the PRA, FOIA's deadline is *impossible*. And FOIA does not contemplate impossible deadlines.

In *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150-53 (1980), the Supreme Court held that FOIA did not require the State Department to sue the Library of Congress to recover former State Department records that would have been responsive to a FOIA request, had Secretary Kissinger not first transferred them to the Library of Congress, a non-FOIA entity. The Court held that Congress could not have imposed, via FOIA, a duty on the State Department to sue for additional documents because FOIA (at the time) required agencies to respond in ten working days, and lawsuits could not be "waged and won in 10 days." *Id.* at 153.

The PRA presents an even more clear-cut impossibility. It affords the incumbent President, and if applicable, former President, 60 working days to review the requested records for any possible constitutionally-based privilege. That review precludes FOIA's 20-working-day response deadline from applying to cases brought under the PRA.

### B.    The Structure

The PRA's structure confirms that FOIA's 20-business-day deadline does not apply to it. As relevant, there are two ways a document can be withheld under the PRA. *First*, NARA can withhold information based on statutorily delineated PRA restrictions to disclosure. 44 U.S.C. §§ 2204(a), (b)(3). *Second*, the incumbent and former Presidents may raise executive privilege; the incumbent President's decision binds NARA. *Id.* §§ 2208(b)(1), (c)(2)(B)-(C).

From the PRA's inception, the law's executive privilege provision, *id.* § 2204(c)(2), has always given incumbent and former presidents an opportunity to review documents and assert the privilege. The current version of the rule, adopted by Congress in 2014, gives the incumbent and former Presidents 60 (extendable to 90) working days to review potentially produceable documents for executive privilege. *Id.* § 2208(a)(3)(A). Again, this statutory minimum timeframe is longer than FOIA's statutory *maximum* timeframe. In addition, the incumbent President has 30 days to reject a former President's privilege claim. *See id.* §§ 2208(c)(1), (c)(2)(A). And the former President has at least 60 more days to challenge a rejection. *See id.* § 2208(c)(2)(C).

The PRA's 60-day review period also allows NARA to address a former President's Section 2204(a) PRA restrictions in an orderly manner. NARA may overrule a PRA restriction, but it must first "consult[] with the former President." *Id.* § 2204(b)(3). Thus, it would be inefficient for NARA to make a final decision on PRA restrictions before the former President performs a privilege review of these same documents.

### C.    The History

Finally, the history of the PRA confirms that FOIA's short-fuse response deadline was never intended to apply to the PRA. In *Nixon v. Administrator of General Services*, 433 U.S. 425 (1977), the Supreme Court recognized that both former and incumbent Presidents were allowed to

2

assert executive privilege claims. *Id.* at 439. In upholding a (narrower) predecessor of the PRA, the Supreme Court pointed to the fact that the Nixon Administration records law required "meaningful notice" of potential disclosures and a meaningful opportunity for former President Nixon to contest privilege assertions. *Id.* at 444 n.7. Indeed, the General Services Administration's then-pending proposed rules for privilege review required President Nixon to receive "prior notice," with no time limit. *Id.*; *see also* 41 C.F.R. § 105-63.206(e) (1976).

The PRA was enacted one year later. It said that "[n]othing in this Act shall be construed to confirm, limit, or expand any constitutionally-based privilege which may be available to an incumbent or former President." 44 U.S.C. § 2204(c)(2). When Congress created the 60-working-day notice period in 2014, the House and Senate committee reports both recognized that the original PRA left questions of privilege procedure to the Executive Branch. H.R. Rep. No. 113-127 (June 25, 2013), at 5; S. Rep. No. 113-218 (July 23, 2014), at 4. Thus, privilege questions were governed by executive order until 2014.

Under both executive orders and statute, compliance with FOIA's 20-working-day response deadline (which was just 10 working days when the PRA was enacted) was impossible on day one. The White House has always granted Presidents a notice period of at least 30 calendar days. *See* Executive Order 12667 § 2(b), 54 Fed. Reg. 3403 (Jan. 18, 1989) (30 days); Executive Order 13233 § 3(b), 66 Fed. Reg. 56025 (Nov. 1, 2001) (no limit); Executive Order 13489 § 2(b), 74 Fed. Reg. 4669 (Jan. 21, 2009) (30 days). In 2014, Congress ratified, confirmed, and expanded this practice.

Because the PRA does not incorporate FOIA's 20-day response deadline, it also does not incorporate FOIA's constructive-exhaustion penalty for missing that deadline. Plaintiffs should wait their turn and go through the administrative appeal process, like everyone else.

Dated: April 29, 2026                    Respectfully submitted,

                                             BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Winston Shi*
JOHN BAILEY (OH Bar No. 104260)
Counsel to the Assistant Attorney General
WINSTON SHI (NY Bar No. 5747068)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 880-0387
Email: winston.g.shi@usdoj.gov

*Counsel for Defendant*

3