**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

LEGAL EAGLE, LLC, and NATIONAL SECURITY COUNSELORS, INC.,

Plaintiffs,

v.

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, EDWARD FROST, DEPARTMENT OF JUSTICE, and TODD BLANCHE, *United States Attorney General*,

Defendants.

Civil Action No. 26-0920-TDC

## ORDER

Plaintiffs Legal Eagle, LLC and National Security Counselors, Inc. have filed an unopposed Motion for Alternative Service requesting leave to serve a third-party subpoena *duces tecum* on President Donald J. Trump by mailing a copy of the subpoena by certified mail to one of his private attorneys, Caryn Schectman at DLA Piper, LLP. In support of this Motion, Plaintiffs have attached the declaration of attorney Kelly McClanahan, in which McClanahan outlines extensive unsuccessful efforts to effectuate service, including by emailing and calling President Trump's private attorneys Alejandro Brito and Ian Michael Corp at Brito PLLC; emailing President Trump's private attorney Robert Giuffra at Sullivan & Cromwell, LLP; sending the subpoena by certified mail to Giuffra; and sending the subpoena by certified mail to President Trump at the Mar-a-Lago Club, which refused to accept it. McClanahan also emailed and called another of President Trump's private attorneys, Caryn Schechtman at DLA Piper, LLP, whom the

United States Department of Justice identified to Plaintiffs as the person to contact to arrange for acceptance of the subpoena. McClanahan received no responses to these communications.

"Serving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Although Rule 45 has typically been interpreted to require personal service, courts "alternatively have found service of a subpoena under Rule 45 proper absent personal service." Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.). Courts that permit alternative means of service of subpoenas typically require that "the alternative service be authorized by a court prior to service," that "prior diligent attempts at personal service" were made, and that "the alternative form is calculated to provide timely actual notice." *Id.* Consistent with these principles, courts have concluded that Rule 45(b) permits service of third-party subpoenas by certified mail or similar means of delivery. *See, e.g.*, *Hall v. Sullivan*, 229 F.R.D. 501, 506 (D. Md. 2005) (holding that subpoenas *duces tecum* need not be served in person and could be delivered by FedEx where the method of service "reasonably ensures actual receipt of the subpoena by the witness"); *Bland v. Fairfax Cnty.*, 275 F.R.D. 466, 471–72 (E.D. Va. 2011) (holding that subpoenas were properly served by certified mail and FedEx where those means were "reasonably sure to complete delivery").

Here, Plaintiffs have requested the Court's advanced authorization of alternative means of service. Where in-person service upon President Trump is obviously impractical, Plaintiffs have shown numerous, diligent attempts at service through agents of President Trump by recounting the repeated communications sent to President Trump's private attorneys at three different law firms, including Schechtman. Where the United States Department of Justice advised Plaintiffs' counsel that Schechtman was the person through whom to arrange for service or acceptance of the subpoena, the Court finds that service on Schechtman is calculated to provide timely notice.

Where the Federal Rules of Civil Procedure expressly authorize service by certified mail in certain circumstances, the Court finds that this means of service reasonably ensures actual receipt of the subpoena. *See Hall*, 229 F.R.D. at 506; *See* Fed. R. Civ. P. 4(i)(1) (authorizing service on the United States by "deliver[ing] a copy of the summons and of the complaint . . . by registered or certified mail");

Accordingly, it is hereby ORDERED that Plaintiffs' Unopposed Motion for Alternative Service, ECF No. 42, is GRANTED, and Plaintiffs may effectuate service upon President Trump by sending the subpoena *duces tecum* by certified mail to Caryn Schectman, Esq. at DLA Piper LLP.

Date: September 21, 2026

THEODORE D. CHUANG
United States District Judge